# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

    Plaintiff-Appellee,

v.                                             **NO. 28,119**

MAURICE LACEY,

    Defendant-Appellant.


**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ross C. Sanchez, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Robert E. Tangora
Santa Fe, NM

for Appellant


## MEMORANDUM OPINION

**KENNEDY, Judge.**

    Defendant appeals the district court order denying Defendant's motion for a new trial, having been found guilty by a jury for trafficking cocaine by possession with the intent to distribute. We issued a notice of proposed summary disposition,

proposing to dismiss for an untimely appeal, which it appeared Defendant filed while acting pro se. In his first memorandum in opposition, Defendant explained that he was represented by counsel at the time of the appeal, asked us to apply the conclusive presumption of ineffective assistance of counsel and accept his appeal as timely filed. Defendant also filed a motion to amend the docketing statement to add two issues. We issued a second notice of proposed summary disposition, this time proposing to summarily affirm and granting the motion to amend in part and denying it in part. Defendant has filed a memorandum in opposition in response to our second notice. We have considered Defendant's response, and remain unpersuaded. We affirm.

Having denied Defendant's motion to amend the docketing statement to add a challenge to the sufficiency of the evidence, and Defendant having abandoned his challenge to the district court's denial of his motion for a new trial, we address Defendant's three remaining appellate issues. *See State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the proposed disposition of the issue). First, Defendant argues that the district court erred by refusing to dismiss the case or continue the trial setting where Defendant was not provided with a private investigator, which allegedly prohibited him from preparing the defense that the car belonged to Ms. Garcia, who framed Defendant with the

assistance of the police. [DS 5-6; MIO1 8-9; MIO2 4-6] Second, Defendant argues that standby counsel's failure to provide discovery to Defendant and to engage an investigator was per se ineffective. [MIO1 1, 9-11; MIO2 6-7] Third and lastly, Defendant argues that the district court erred by not compelling Ms. Garcia to testify at the hearing on the motion for a new trial, because although she was found incompetent to stand trial in another case, the standards for competency to testify are different. [DS 7-8; MIO1 13-14; MIO2 7-8] We address the first two issues together.

**Issues 1 & 2.      Refusal to Dismiss, Denial of Continuance, and Ineffective Assistance of Counsel**

Defendant's response to our second notice, like his docketing statement, does not provide this Court with sufficient information for us to hold in his favor. As we stated in our second notice, for Defendant to prevail on his appellate claims, challenging the denial of a motion for continuance, a new trial, and the effectiveness of his counsel, Defendant must establish prejudice. *See State v. Torres*, 1999-NMSC-010, ¶ 10, 127 N.M. 20, 976 P.2d 20 (stating that in ruling on a motion for a continuance, the district court should consider the prejudice to the defendant and "the likelihood that a delay would accomplish the movant's objectives"); *see also State v. Aker*, 2005-NMCA-063, ¶ 34, 137 N.M. 561, 113 P.3d 384 (stating that in claiming ineffective assistance of counsel, the defendant must demonstrate that he or she

"suffered prejudice in that there is 'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different'" (citation omitted)).

Our notice explained that Defendant had not made an adequate showing of prejudice, and listed the information needed. Defendant's response does not include the information we listed; rather, it explains that Defendant did not develop the facts below and create a record of prejudice because he acted pro se. [MIO2 5-6] Defendant does not set forth what evidence he believes a private investigator would have uncovered that would indicate that Ms. Garcia "set up" Defendant. We observed that standby counsel may have personally investigated Defendant's claims and decided that pursuing those claims would be futile; Defendant has not responded to our observation. We noted that Defendant does not state what discovery was known to standby counsel that was not disclosed to him, and Defendant's response does not expound on his argument; again, Defendant merely alleges a conflict of interest without showing a record of it. Also, Defendant has never explained why an investigator was required to uncover exculpatory evidence and why evidence of Ms. Garcia's ownership of the vehicle could not have been discovered by other means. Significantly, Defendant has failed to explain why his theory that Ms. Garcia was the owner of the vehicle would have changed the verdict, where it appears Defendant

4

testified that he borrowed the car from "Shorty," a known drug user. [RP 221 fof 3]

In addition, Defendant does not state on what grounds the district court denied his motion for a continuance. As we stated in the notice, the record states that Defendant "<u>chose</u> not to take more time to investigate the ownership of the car and instead, proceeded to trial." (emphasis added) [RP 221 fof 4] This indicates that the district court did not in fact deny Defendant a continuance. Defendant does not give us reason to believe differently. Even assuming the district court denied Defendant a continuance, however, Defendant has not established that more time or a new trial would have changed the result.

Without this information, Defendant has not established that he was prejudiced by any of these claimed errors. Because we do not presume prejudice or error, and given Defendant's burden, we affirm. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that there is a presumption of correctness in the rulings or decisions of the trial court, and the party claiming error bears the burden of showing such error); *see also* Rule 12-208(D)(3); *Thornton*, 101 N.M. at 769, 688 P.2d at 1273.

**3. Ms. Garcia's Competence to Testify**

Defendant argues that the district court erred by not compelling Ms. Garcia to testify at the hearing on the motion for a new trial, because, although she was found

5

incompetent to stand trial in another case, the standards for competency to testify are different.  [DS 7-8; MIO1 13-14; MIO2 7-8]  Again, Defendant does not give this Court sufficient information to determine whether the district court erred.  Defendant does not make this Court aware of why Ms. Garcia was found incompetent in the other case.  Without this information, we will not presume that Ms. Garcia would be competent to testify in Defendant's case and not her own. *See Aragon*, 1999-NMCA-060, ¶ 10.  Further, the district court found that, based on the representations from Ms. Garcia's counsel, her "incompetence hinders her ability to understand her Fifth Amendment rights . . . ." [RP 222]  "We will not reverse a trial court's determination as to the competency of witnesses unless it clearly abused its discretion."  *State v. Fairweather*, 116 N.M. 456, 461, 863 P.2d 1077, 1082 (1993).  Defendant has not shown that the district court abused its discretion.

In addition, for the reasons we explained above, Defendant has not shown that he was prejudiced by the absence of Ms. Garcia's testimony.  Specifically, Defendant has never stated what he believes Ms. Garcia would have testified about and why her testimony would have differed from his testimony or supported his defense theory.  "In the absence of prejudice, there is no reversible error."  *State v. Fernandez*, 117 N.M. 673, 677, 875 P.2d 1104, 1108 (Ct. App. 1994).  "An assertion of prejudice is not a showing of prejudice." *In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M.

562, 915 P.2d 318.

For these reasons and those stated in our second notice, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**MICHAEL D. BUSTAMANTE, Judge**


_____
**TIMOTHY L. GARCIA, Judge**